UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

LUCIA PREGO QUINTERO,                                                    Petitioner

v.                                               Civil Action No. 4:26-cv-227-RGJ

JASON WOOSLEY, et al.,                                                Respondents.

* * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Lucia Prego Quintero's Writ of Habeas

Corpus. [DE 1]. Respondents responded on April 10, 2026. [DE 9]. Petitioner replied on April 24,

2026. [DE 13]. The parties agree that no evidentiary hearing is necessary. [DE 10; DE 11]. This

matter is ripe for adjudication. For the reasons below, this Court **GRANTS** the Petition for Writ

of Habeas Corpus. [DE 1].

**I.      Background**

Petitioner Lucia Prego Quintero ("Quintero") is a 27-year-old native and citizen of Cuba.

[DE 9-1 at 38]. Quintero has been present in the United States since February 2024. [DE 1 at 4].

Quintero was served a Notice to Appear and paroled into the interior of the United States. [DE 9

at 33-34]. On June 18, 2025, Quintero was served with an I-200 Warrant for Arrest and detained

by Immigration and Customs Enforcement ("ICE"). [*Id.*]. Upon her detention, she was transported

to Grayson County Jail in the Western District of Kentucky. [*Id.*]. Upon her arrest and detention,

Quintero was placed into immigration proceedings before the Immigration Court in Cleveland,

Ohio. [DE 1 at 3-4]. During these proceedings, Quintero requested a custody redetermination

hearing, also known as a bond hearing, before an Immigration Judge ("IJ"). [*Id.*]. The IJ denied

this request based upon a lack of jurisdiction, not on the merits of her claim. [DE 13 at 66]. Later

in her immigration proceedings, the IJ also denied Quintero's application for asylum, withholding of removal, and protection under the Convention Against Torture and ordered Quintero to be removed from the United States. [*Id.*].

Quintero alleges that she timely appealed the IJ's merits decision to the Board of Immigration Appeals ("BIA"), and therefore, her order of removal is not final. [*Id.*]. The United States contends that Quintero attempted to file an appeal, but the appeal was rejected, and thus Quintero's order of removal is final. [DE 9 at 34]. Therefore, based upon the final order of removal, the United States argues that Quintero's detention is governed by 8 U.S.C. 1231(a) instead 8 U.S.C. § 1226(a). [*Id.*]. In her Reply, Quintero provided a re-filed Notice of Appeal that was accepted by the BIA. [DE 13-1 at 72]. And because of the proper appeal, Quintero contends that her detention is governed by 8 U.S.C. § 1226(a). [DE 13 at 66-67].

Accordingly, Quintero seeks release from her detention, or in the alternative, to hold a bond hearing before a neutral IJ to determine whether she should remain in custody. [*Id.*].

## II.    DISCUSSION[1]

A.  Section 1231(a) vs. Section 1226

Before reaching Quintero's due process claim, the Court must first determine the statutory basis for Quintero's detention.

As it relates to detention under Section 1231, the Sixth Circuit has stated:

Under 8 U.S.C. § 1231(a)(2), the Attorney General has the authority to detain an alien during the removal period. The removal period is the period of 90 days after an alien is ordered removed. *See* 8 U.S.C. § 1231(a)(1)(A). Under 8 U.S.C. §

---

[1] Neither party asserted any jurisdiction-related arguments. However, the Court has analyzed jurisdiction of remedies in similar circumstances, such as *Edahi v. Lewis,* 2025 WL 3466682, at *2-3 (W.D. Ky. Nov. 27, 2025) and incorporates its reasoning into this opinion. Neither party asserted any exhaustion-related arguments and no applicable statute or rule mandates exhaustion. However, because many decisions in similar cases by district courts within the Sixth Circuit discuss this principal, the Court incorporates its analysis on exhaustion of remedies from a previous case, *Edahi,* 2025 WL 3466682, at *3, and the Court waives the exhaustion requirement for the same reasons.

> 1231(a)(1)(B), however, the removal period does not begin until the latest of: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Bejjani v. I.N.S.,* 271 F.3d 670, 689 (6th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).

In contrast, "Section 1226(a) [] differs from 8 U.S.C. § 1231(a), which governs the detention, release, and removal of 'aliens ordered removed.'" *Alabdulaziz v. Tindall,* 2026 WL 973278, *5 (W.D. Ky. Apr. 10, 2026) (quoting 8 U.S.C. § 1231(a)). "In other words, '[o]nce an alien has a final removal order that is not subject to a judicial stay, detention authority shifts to' § 1231(a)." *Id.* (quoting *Rodriguez Diaz v. Garland,* 53 F.4th 1189, 1197 (9th Cir. 2022)).

Pursuant to Section 1231, a removal order becomes administratively final "upon the earlier of (i) a determination by the [BIA] affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA]." *Al-Sadoon v. Lynch*, 586 F. Supp. 3d 713, 722 (E.D. Mich. 2022) (quoting 8 U.S.C. § 1101(a)(47)(B)). When an appeal is filed, and throughout the duration of the appeal, the "removal order is not yet administratively final." *Alabdulaziz,* 2026 WL 973278 at *5. Therefore, if Quintero's appeal is pending, she is "not yet subject to 8 U.S.C. § 1231 and instead remains detained under § 1226(a)." *Id.*

As noted, in Quintero's Petition, she stated that she appealed the IJ's final order of removal to the BIA. [DE 1 at 3]. Respondents' responded stating that was mistaken, and although she did file an appeal to the BIA, the appeal was rejected as improperly filed. [DE 9 at 34]. However, in Quintero's reply she provided an exhibit of the accepted filing to the BIA. [DE 13-1 at 72]. Upon the Court's own review, Quintero's appeal was properly filed and is currently pending before the BIA. EXEC. OFFICE FOR IMMGR. REV., https://acis.eoir.justice.gov/en/caseInformation, (last visited

May 28, 2026). Therefore, her order of removal is not yet final and Quintero's detention is controlled by Section 1226(a), not Section 1231(a). *Alabdulaziz,* 2026 WL 973278 at \*5.

  B.  Lawfulness of Current Detention

Because the Court found that Quintero' detention is guided by Section 1226, the Court must determine whether the continued detention pursuant to Section 1226 is in violation of her Due Process. *Singh v. Mullin,* 2026 WL 1413154, \*2 (D. N.M. May 20, 2026) (stating that although "Section 1226 empowers Respondents to detain Petitioner, [] it must do so within the Fifth Amendment's confines"). In *Lopez-Campos v. Raycraft*, 2026 WL 1283891, at \*4–9 (6th Cir. May 11, 2026) the Sixth Circuit held that that the detention of noncitizens like Lopez-Campos, non-citizens who have "passed through our gates," without a bond hearing violates the Due Process Clause of the Fifth Amendment. *Id.* at \*13. As stated, it is uncontested that Quintero has been detained for more than eight months without a merits bond hearing, [DE 1 at 3; DE 9-6 at 51], and a published decision of the Sixth Circuit binds the Court. *Wright v. Spalding,* 939 F.3d 695, 700 (6th Cir. 2019).

The Sixth Circuit's opinion is in line with other circuits, such as the Second, Seventh, and Eleventh, *Cunha v. Freden,* --- F.4th --- 2026 WL 1146044, \*4-\*23 (2d Cir. Apr. 28, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th --- 2026 WL 1223250, \*9-\*21 (7th Cir. May 5, 2026); *Alvarez v. Warden,* --- F.4th --- 2026 WL 1243395, \*1-\*22 (11th Cir. May 6, 2026), as well as this Court's previous opinions *Edahi v. Lewis*, 2025 WL 3466682, at \*5-\*13 (W.D. Ky. Nov. 27, 2025) and *Vicen v. Lewis,* 2026 WL 541171, \*2–\*9 (W.D. Ky. Feb. 26, 2026). The reasonings of all these decisions are incorporated here by reference. For all the reasons set forth in *Lopez-Campos*, the other Circuit Court opinions, and this Court's previous opinions, the United States has violated the due process rights of the Petitioner.

For the above reasons, the Court **ORDERS** the following:

I.    The Petition for Writ of Habeas Corpus is **GRANTED**.

II.   The United States is directed to release the Petitioner immediately because of the unlawful detention in violation of their due process rights.

III.  The United States must provide Petitioner with a bond hearing before a neutral IJ pursuant to Section 1226.

IV.   The United States must certify compliance with the Court's order by a filing on the docket **by June 4, 2026.**

Rebecca Grady Jennings, District Judge
United States District Court

June 3, 2026